Jennifer R. Bergh, Esq. (SBN 24103791)
LAW OFFICES OF MICHELLE GHIDOTTI
600 E. John Carpenter Fwy. Ste 200
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com

**Attorneys for Movant,**
U.S. Bank Trust N.A. as Trustee of the Igloo Series III Trust, its successors and assigns

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAND DIVISION**

| | |
|---|---|
| IN RE: | CASE NO.: 16-40816 |
| | |
| **John Albert Medcalf, Jr. and Heather Ann** | CHAPTER 13 |
| **Medcalf** | |
| | |
| **DEBTORS,** | |
| **U.S. BANK TRUST N.A. AS TRUSTEE OF** | |
| **THE IGLOO SERIES III TRUST,** | |
| **MOVANT,** | |
| **JOHN ALBERT MEDCALF, JR. AND** | |
| **HEATHER ANN MEDCALF** | |
| **(CO DEBTOR NOT IN BK)** | |
| **RESPONDENTS.** | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(A) AND CO-DEBTOR STAY § 1301(C) AS TO 9006 PORTSIDE, SAN ANTONIO, TEXAS 78242 AND WAIVER OF THE THIRTY DAY REQUIREMENT PURSUANT TO 11 U.S.C. § 362(e)**

**NOTICE**

**THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.**

**IF NO TIMELY RESPONSE IS FILED WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.**

**A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.**

## WAIVER OF THIRTY DAY REQUIREMENT

**Movant desires to waive the requirement of a hearing within thirty (30) days under Section 362€ and requests a hearing at the next available date.**

COMES NOW, U.S. BANK TRUST N.A. AS TRUSTEE OF THE IGLOO SERIES III TRUST

("**Movant**"), who, is for its Motion for Relief from Automatic Stay, would show the Court the following:

1.   This Motion is brought pursuant to 11  U.S.C. § 362(d)  and §1301 and in accordance with Rules 4001 and 9014 of the Bankruptcy Rules of Procedure.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and §105, §362, and §1301.  This is a core proceeding within the meaning of 28 U.S.C. 157(b)(2)(A), (G), and (O).

2.   The Debtors executed and delivered to SMI Residential Mortgage, Inc., a Note, dated December 7, 2007, with an original principal balance of $202,000.00 (the "**Note**").  A true and correct copy of the Note is attached as **Exhibit "A"** to the Motion (or attached hereto) and is incorporated herein by reference for all purposes.

3.   Movant is the current owner of the Note and is in possession of the original Note.

4.   Concurrently therewith, and as security for the Note, the Borrowers executed and delivered to SMI Residential Mortgage, Inc., a Deed of Trust ("**Deed of Trust**"), dated December 17, 2007, and filed of record with the County Clerk of Collin County, Texas against the Property, and more specifically described as:

> **LOT 9 BLOCK A, OF RED BUD ESTATES, AN ADDITION TO THE CITY OF FRISCO, COLLIN COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET C, PAGE 189, PLAT RECORDS, COLLIN COUNTY, TEXAS.  AMENDED OWNER'S CERTIFICATE DATE APRIL 22, 1981, RECORDED IN VOLUME 1736, PAGE 703, OF THE LAND RECORDS OF COLLIN COUNTY, TEXAS**

5.   Debtor is in default for failing to tender no less than TEN (10) post-petition monthly payments

as follows:

| Payments Due: | Payment | | Total Default |
|---|---|---|---|
| 01/01/2018-10/01/2018 | 10 @ $1,846.76 | = | $18,467.60 |
| Attorney Fees | | = | $1,081.00 |
| Suspense | | = | ($1,954.32) |
| **Total Default** | | **=** | **$17,594.28** |

6.   Movant has incurred attorney's fees and costs in the amount of no less than $1,081.00

in connection to the Motion for Relief from Stay.

7.   Attached to the Motion as **Exhibit "C"** (or attached hereto) is a true and correct

REDACTED copy of the post-petition arrearage accounting, reflecting all payments, creditors, and other

fees and costs with response to the loan described above.

8.    Debtor has failed to provide Movant adequate protection due to the material default

under the Note and Deed of Trust.

9.   The current unpaid principal balance as of September 21, 2018 was no less than $192,606.90.

10.  The total owed to Movant as of September 21, 2018 was no less than $200,142.50.

11.  The stay of 11 U.S.C. §1301(a)  automatically stayed Movant from exercising its' right to collect

said debt.  Movant has the lawful right to collect payments from the Co-Debtor, to the extent that Debtor

fails to tender regular monthly mortgage payments.  Pursuant to 11 U.S.C. §1301(a)  the court shall grant

relief from the stay provided by subsection (a) of §1301 with respect to a creditor, to the extent that the

debtor and the individual protected under subsection (a) received the consideration for the claim held by

such creditor.  Here, Debtor and the Co-Debtor, each received the consideration for the claim held by

Movant.  Therefore, relief from the co-debtor stay of 11 U.S.C. §1301(a) is proper.  Failure to terminate

the co-debtor stay of 11 U.S.C. §1301(a) will result in irreparable harm to Movant.

Motion for Relief From Automatic Stay and Co-Debtor Stay

12. Movant submits that cause exists to grant relief under 11 U.S.C. 362 §(d)(1).  11 U.S.C. 362 §(d)(1) provides that a party may seek relief from stay based upon "cause", including lack of adequate protection.   Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

13. Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note.   The Debtor and Co-Debtor have failed to tender no less than ten (10) post-petition payments to Movant.  A continuing failure to maintain required post-petition regular monthly mortgage payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204)).   The Debtor and Co-Debtor are post-petition due for the January 28, 2017 payment and all subsequent payments.  The Debtor and Co-Debtor's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

14. Moreover, Debtor's confirmed Chapter 13 Plan provides that Debtor shall tender post-petition monthly mortgage payments to Movant directly.  Debtor has failed to tender no less than ten (10) post-petition monthly mortgage payments to Movant.  The failure to comply with the terms of a confirmed Chapter 13 Plan constitutes cause for relief from the automatic stay.

15. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

**WHEREFORE, PREMISES CONSIDERED,** U.S. BANK TRUST N.A. AS TRUSTEE OF THE IGLOO SERIES III TRUST, prays for:

Motion for Relief From Automatic Stay and Co-Debtor Stay

1.   An Order from this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301,

terminating the automatic stay as to Movant and the Co-Debtor Stay as to Co-Debtor, so that

Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of

Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to

commence foreclosure proceedings on the property and the right to proceed in unlawful detainer;

2.   For reasonable attorneys' fees as a secured claim under 11 U.S.C. § 506(b);

3.   For the waiver of the 14 day stay pursuant to 11 U.S.C. § 4001(a)(3);

4.   For costs incurred or expended in suit herein; and

5.   For such other and further relief as the Court deems just and proper.

Dated: November 6, 2018

Respectfully submitted,

/S/ JENNIFER R. BERGH
Jennifer R. Bergh, Esq.
State Bar No.: 24103791
600 E. John Carpenter Fwy. Ste 200
Irving, TX 75062
Ph:  (949) 427-2010
Fax: (949) 427-2732
jbergh@ghidottilaw.com
**COUNSEL FOR MOVANT**